## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **TIFFANY SHADDUCK**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE CITY OF ARCADIA, FLORIDA**, a municipal corporation,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:21-cv-741-JES-NPM**<br><br>**Judge: John E. Steele**<br><br>**Mag. Judge:  Nicholas P. Mizell** |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **TIFFANY SHADDUCK** ("**SHADDUCK**"), by and through undersigned counsel, and states the following for her Amended Complaint:

## CAUSES OF ACTION

1.      This is an action brought under Title VII of the Civil Rights Act of 1964, the Family & Medical Leave Act (FMLA) and the Florida Civil Rights Act for (1) unlawful gender discrimination in violation of Title VII, (2) unlawful gender discrimination in violation of the FCRA, (3) unlawful marital status discrimination in violation of the FCRA, (4) unlawful retaliation in violation of Title VII, (5) unlawful retaliation in violation of the FCRA, and (6) unlawful retaliation in violation of the FMLA.

## PARTIES

2.     The Plaintiff, **TIFFANY SHADDUCK** ("**SHADDUCK**") is an individual and a resident of Florida who at all material times was employed by the Defendant.

3.     The Defendant is a city located in DeSoto County, Florida. The Defendant employed **SHADDUCK** and at all relevant times employed in excess of 15-persons. The Defendant is an employer as that term is defined by Title VII, the FCRA and the FMLA.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this matter under 28 U.S.C. §1331, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. **SHADDUCK** filed a Charge of Discrimination with the U.S. EEOC on or about December 1, 2020, and the EEOC issued its Notice of Right to Sue on August 17, 2021. (*See* Doc. 1-1). This action was timely filed on October 6, 2021. (Doc. 1).

5.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in DeSoto County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04(a) since DeSoto County is within the Fort Myers Division.

2

## GENERAL ALLEGATIONS

6.     **SHADDUCK** is a female person.

7.     **SHADDUCK** was employed by the Defendant City of Arcadia in its Police Department as a police officer.

8.     **SHADDUCK** began her employment on August 13, 2015, and always performed her assigned duties in a professional manner and was very well qualified for her position.

9.     **SHADDUCK** always received good to very good performance reviews and was near the very top in almost all testing used for promotions.

10.     However, since beginning her employment, **SHADDUCK** was subjected to gender discrimination and discrimination based upon marital status.

11.     **SHADDUCK** has been denied promotions where she was objectively most qualified in favor of many under-qualified male colleagues who tested far lower than her.

12.     For example, in the summer of 2020, **SHADDUCK** applied for a promotion. Notwithstanding her superior qualifications, **SHADDUCK** was passed over in favor of several less-qualified similarly situated male applicants. The reason given was that, because **SHADDUCK** was a married mother and foster parent, she had "too much baggage at home." This was in direct reference to **SHADDUCK** having exercised her right to take intermittent FMLA leave just a few weeks prior in order to care for her pregnant daughter, whose pregnancy had

3

complications that rendered her incapacitated as defined by the FMLA. Upon asking to take intermittent FMLA leave, the Defendant told her she couldn't do so because her job came first and that she needed to figure things out at home or else.

13.   **SHADDUCK** has also been targeted for discipline and termination under the auspices of "policy violations," whereas similarly situated male officers can violate the same policy without significant consequence. For example, a male officer utilized handcuffs on the front side of a suspect (which she was trained to do under this appropriate circumstance) but she was disciplined whereas her male colleague who did exactly the same thing suffered no consequence at all. And on another occasion involving **SHADDUCK** following a suspect (but not a pursuit), she was disciplined whereas her male supervisor who did the same thing suffered no discipline at all even though the policy was equally applicable to both of them.

14.   The Defendant has a pattern and practice of discriminating based upon gender. This includes male law enforcement officers of the Defendant telling her to "take your ass to the kitchen and make me a sandwich cuz that's where women belong." She was also told that she must be engaging in sexual relations with a sergeant, which was completely false but which comments were geared to accusing a female law enforcement officer of using sex to gain her law enforcement position. She was also accused by a male officer of having nude photos on her phone, which she denied because there were no such photos, but a male superior instead snatched her phone and locked himself behind closed doors to riffle

through her phone looking. **SHADDUCK** immediately objected but to no avail and the male superior suffered no discipline whatsoever.

15.     Remarks such as this were repeatedly said to **SHADDUCK**. When **SHADDUCK** would object and make complaints to superiors, they retaliated against her by disapproving of her reports, citations, warnings and other paperwork in order to make her double her work unnecessarily.

16.     When **SHADDUCK** objected to her male lieutenant regarding the discriminatory practices of the Defendant (i.e. males getting more favorable schedules and enjoying more favorable treatment in terms of promotions) at approximately 6:00 P.M. on October 15, 2020, she was promptly terminated via her male lieutenant yelling at her to "fucking leave."

17.     Similarly situated single male and/or married male law enforcement officers were treated more favorably in terms of their schedules and receiving time off whereas **SHADDUCK** was arbitrarily denied time off, was scheduled to work on days that the Defendant had previously approved, and was given less enjoyable schedules, such as being required to work weekends and holidays.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, GENDER DISCRIMINATION

18.     Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

19.    **SHADDUCK** is a female and as such, is a member of a protected class.

20.    At all material times, **SHADDUCK** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

21.    **SHADDUCK** was qualified for the positions that she held with the Defendant.

22.    **SHADDUCK** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

23.    The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **SHADDUCK**'s gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

24.    As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **SHADDUCK** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

25.    As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **SHADDUCK** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

26.    As a direct and proximate result of the Defendant's actions, **SHADDUCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

27.    **SHADDUCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing Defendant to cease and desist from all gender discrimination against employees;

ii.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.    Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, GENDER DISCRIMINATION

28.     Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

29.     **SHADDUCK** is a female and as such, is a member of a protected class.

30.     At all material times, **SHADDUCK** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

31.     **SHADDUCK** was qualified for the positions that she held with the Defendant.

32.     **SHADDUCK** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

33.     The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **SHADDUCK**'s gender in violation of the FCRA.

34.      As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **SHADDUCK** has lost benefits and privileges of her

employment and has been substantially and significantly injured in her career path.

35.    As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **SHADDUCK** is entitled to all relief necessary to make her whole as provided for under the FCRA.

36.    As a direct and proximate result of **NAA**'s actions, **SHADDUCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

37.    **SHADDUCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing Defendant to cease and desist from all gender discrimination against employees;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.    Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi.    Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.    Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, MARITAL STATUS DISCRIMINATION

38.    Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

39.    **SHADDUCK** is a married female and as such, is a member of a protected class.

40.    At all material times, **SHADDUCK** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

41.    **SHADDUCK** was qualified for the positions that she held with the Defendant.

42.    **SHADDUCK** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

10

43.    The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **SHADDUCK**'s marital status in violation of the FCRA.

44.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **SHADDUCK** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

45.    As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **SHADDUCK** is entitled to all relief necessary to make her whole as provided for under the FCRA.

46.    As a direct and proximate result of the Defendant's actions, **SHADDUCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

47.    **SHADDUCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing Defendant to cease and desist from all marital status discrimination against employees;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.  Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.    Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.  Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

48.    Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

49.    **SHADDUCK** is a female a person and, as such, is a member of a protected class.

12

50.     At all material times, **SHADDUCK** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

51.     **SHADDUCK** was qualified for the positions that she held with the Defendant.

52.     **SHADDUCK** complained to the Defendant about the gender discrimination and retaliation, and the Defendant clearly observed her growing discomfort concerning the same.

53.     **SHADDUCK**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

54.     Said protected activity was the proximate cause of the Defendant's negative employment actions against **SHADDUCK**.

55.     Instead of preventing said treatment, the Defendant retaliated against **SHADDUCK**.

56.     The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

57.      As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **SHADDUCK** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

13

58.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **SHADDUCK** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

59.     As a direct and proximate result of the Defendant's actions, **SHADDUCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

60.     **SHADDUCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.    Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.    Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.    Such other relief as this Court shall deem appropriate.

## COUNT V – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

61.    Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

62.    **SHADDUCK** is a female a person and, as such, is a member of a protected class.

63.    At all material times, **SHADDUCK** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

64.    **SHADDUCK** was qualified for the positions that she held with the Defendant.

65.   **SHADDUCK** complained to the Defendant about the gender discrimination and retaliation, and the Defendant clearly observed her growing discomfort concerning the same.

66.   **SHADDUCK**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

67.   Said protected activity was the proximate cause of the Defendant's negative employment actions against **SHADDUCK**.

68.   Instead of preventing said treatment, the Defendant retaliated against **SHADDUCK**.

69.   The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

70.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **SHADDUCK** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

71.   As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **SHADDUCK** is entitled to all relief necessary to make her whole as provided for under the FCRA.

72.   As a direct and proximate result of the Defendant's actions, **SHADDUCK** has suffered damages, including but not limited to, a loss of

employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

73.    **SHADDUCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.    Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.    Reasonable attorney's fees plus costs;

    vii.    Compensatory damages, and;

    viii.    Such other relief as this Court shall deem appropriate.

## COUNT VI – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

74.    The Plaintiff hereby incorporates by reference Paragraphs 1-15 in this Count by reference as though fully set forth below.

75.    **SHADDUCK** informed the Defendant of her need for leave for her daughter's serious health condition.

76.    **SHADDUCK** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **SHADDUCK**'s daughter began suffering from a serious health condition, **SHADDUCK** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

77.    The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

78.    If the Defendant were to have decided that **SHADDUCK**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

79.     The Defendant has never provided **SHADDUCK** with any notice disqualifying her FMLA leave.

80.     In fact, the Defendant determined that **SHADDUCK** was eligible for leave under the FMLA.

81.     The Defendant knew, or should have known, that **SHADDUCK** was exercising her rights under the FMLA and was aware of **SHADDUCK**'s need for FMLA-protected absence.

82.     **SHADDUCK** complied with all of the notice and due diligence requirements of the FMLA.

83.     **SHADDUCK** engaged in activity protected by the FMLA when she (a) requested federally protected FMLA leave, (b) took that leave, and (c) requested reinstatement, consistently informing the Defendant of the same.

84.     A causal connection exists between **SHADDUCK**'s request for FMLA-protected leave, the denial of promotions, and her termination from employment with the Defendant because **SHADDUCK** engaged in statutorily protected activity by requesting and taking FMLA leave.

85.     The Defendant retaliated by altering the terms and conditions of **SHADDUCK**'s employment by terminating **SHADDUCK**'s employment because she engaged in the statutorily protected activity of requesting FMLA leave, taking FMLA leave and requesting reinstatement.

86.   The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **SHADDUCK**'s employment because she engaged in activity protected by the FMLA.

87.   As a result of the above-described violations of FMLA, **SHADDUCK** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: November 23, 2021        **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135

20

Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

**s/ Benjamin H. Yormak**
Benjamin H. Yormak