```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION

TIFFANY SHADDUCK, an
individual,

     Plaintiff,

v.                              Case No:  2:21-cv-741-JES-NPM

CITY OF ARCADIA, FLORIDA, a
municipal corporation,

     Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #20) filed on December 6, 2021. Plaintiff filed a Response (Doc. #22) on December 22, 2021. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief

above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

According to the Amended Complaint (Doc. #17): Plaintiff Tiffany Shadduck (Plaintiff or Shadduck) is a female who began employment with the City of Arcadia as a police officer on August 13, 2015. Plaintiff always received good to very good performance reviews and was near the top of almost all testing used for promotions. Plaintiff alleges that she was subject to gender and marital status discrimination and denied promotions in favor of many under-qualified male colleagues who had tested lower. As an example of this discrimination, Shadduck alleges that in the summer of 2020, she applied for a promotion but was passed over in favor of several less qualified similarly situated male applicants. The reason provided for being passed over was that plaintiff was a married mother and foster parent and had "too much baggage at home." (Doc. #17, ¶ 12.) Plaintiff asserts that this was a reference to her recent request to take intermittent FLMA leave to care for her pregnant daughter, who had been incapacitated by complications. Plaintiff was denied the FMLA leave because "her job came first" and she "needed to figure things out at home or else." (Id., ¶ 12.)

Plaintiff also alleges that she had been targeted for discipline and termination under the auspices of "policy violations" even though similarly situated male officers violate

the same policy without significant consequences. Shadduck set forth two specific examples of the disparate treatment, although she did not name the officers involved. (Id. at ¶ 13.)

Plaintiff further alleges that defendant has a pattern and practice of discrimination based on gender. As examples, the Amended Complaint alleges: (1) male law enforcement officers told her to "take your ass to the kitchen and make me a sandwich cuz that's where women belong." (id., ¶ 14); (2) plaintiff was falsely told that she must be engaging in sexual relations with a sergeant to have gained her position (id.); and (3) plaintiff was accused by a male officer of having nude photos on her phone, and a male superior officer snatched her phone and locked himself behind closed doors to look for nude photos, to which plaintiff objected but the officer was not disciplined (id.). Whenever plaintiff objected about the conduct or complained to superiors, they retaliated against her by disapproving her reports, citations, warnings, and other paperwork to unnecessarily increase her workload. When plaintiff objected to her male lieutenant about her male co-workers getting more favorable schedules and enjoying more favorable treatment in promotions, she was terminated by the male lieutenant yelling at her to "fucking leave". (Id., ¶¶ 16-17.)

4

**III.**

The Amended Complaint (Doc. #17) sets forth six counts of employment discrimination: (1) unlawful gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), (2) unlawful gender discrimination in violation of the Florida Civil Rights Act (FCRA), (3) unlawful marital status discrimination in violation of the FCRA, (4) unlawful retaliation in violation of Title VII, (5) unlawful retaliation in violation of the FCRA, and (6) unlawful retaliation in violation of the Family and Medical Leave Act (FMLA).  Defendant seeks to dismiss each count as being insufficiently pled.

**A. Counts I and II:   Title VII and FCRA Gender Discrimination**

In Count I, plaintiff alleges gender discrimination in violation of Title VII of the Civil Rights Act of 1964.  Plaintiff alleges she is a female who was employed by defendant and qualified for the position she held.  Plaintiff asserts she received disparate treatment during her employment, which altered the terms and conditions of her employment.  Plaintiff further asserts that the acts, omissions, practices, and policies of defendant constitute intentional gender discrimination, which was the proximate cause of damages to her.  (Doc. #17, ¶¶ 19-26.)

In Count II, plaintiff alleges that the same conduct violated the Florida Civil Rights Act.  (Id., ¶¶ 29-36.)  "The Florida

5

courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII." Harper v. Blockbuster Ent. Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).

"Title VII of the Civil Rights Act of 1964 prohibits an employer from discharging any individual, or otherwise discriminating against any individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of the individual's sex. 42 U.S.C. § 2000e-2(a)(1)." Clemons v. Delta Air Lines Inc., 625 F. App'x 941, 943 (11th Cir. 2015). "A *prima facie* case of disparate treatment is established when the plaintiff demonstrates that she "was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." Reeves v. Yeager, 298 F. App'x 878, 879 (11th Cir. 2008) (citing Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004)). See also E.E.O.C. v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000) (identifying elements).

Defendant alleges that Counts I and II should be dismissed for failure to allege a prima facie claim of discrimination. Specifically, defendant alleges that plaintiff fails to identify the specific male colleagues who are similarly situated.

A complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination. Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002). The Amended Complaint alleges that plaintiff is a member of a protected class who was terminated because of her gender and it alleges specific incidents where a male colleague "did exactly the same thing" but did not suffer the same circumstances. (Doc. #17, ¶ 13.) While the name of the colleague will be a matter for discovery, it is not required to be set forth in the pleading to state a plausible claim for discrimination under federal or state law. The motion is denied as to these two claims.

**B.   Count III: Marital Status Discrimination**

In Count III, plaintiff alleges a violation of the Florida Civil Rights Act of 1992 based on marital status discrimination. (Id., ¶¶ 39-46.) Defendant argues that Count III should be dismissed for failure to allege a prima facie claim. Specifically, Defendant argues that plaintiff fails to allege how the City discriminated against her based on her marital status.

Under the Florida Civil Rights Act,

> (1) It is an unlawful employment practice for an employer:
>
> (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or

> privileges of employment, because of such individual's . . . marital status.

Fla. Stat. § 760.10(1)(a). "[T]he term 'marital status' as used in section 760.10 of the Florida Statutes means the state of being married, single, divorced, widowed or separated, and does not include the specific identity or actions of an individual's spouse." Donato v. Am. Tel. & Tel. Co., 767 So. 2d 1146, 1155 (Fla. 2000).

The Amended Complaint alleges that plaintiff was passed over for promotion in the summer of 2020, with the stated reason being that she was "a married mother and foster parent" who had "too much baggage at home." (Doc. #17, ¶ 12.) This is minimally sufficient to state a plausible claim of marital status discrimination at this stage of the proceedings. The motion is denied as to Count III.

### C. Counts IV and V: Retaliation

In Counts IV and V, plaintiff alleges retaliation claims under federal and state law respectively for complaining of the gender discrimination. (Doc. #17, ¶¶ 49-59, 62-72.) Defendant alleges that Counts IV and V should be dismissed because plaintiff does not allege who she complained to or who was aware of her alleged complaint.

Under Title VII, it is unlawful "for an employer to discriminate against any of his employees" "because [s]he has

8

opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "A *prima facie* case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008) (citation omitted). Florida courts follow federal law. Olson v. Dex Imaging, Inc., 63 F. Supp. 3d 1353, 1362 (M.D. Fla. 2014).

In this case, plaintiff alleges that she engaged in the protected activity by complaining about gender discrimination and retaliation "to superiors." (Doc. #17, ¶ 15.) Plaintiff also alleges that she objected "to her male lieutenant" and was terminated. (Id. at ¶ 16.) The names of the superior officers and the lieutenant are not required to assert a plausible claim for retaliation at this stage of the proceedings. The motion is denied as to Counts IV and V.

### D. Count VI: FMLA Retaliation

Lastly, in Count VI, plaintiff alleges retaliation under the Family Medical Leave Act (FMLA). (Doc. #17, ¶¶ 75-87.) Defendant

9

alleges that plaintiff fails to state a claim under the FMLA because there are insufficient facts to satisfy the causation element.

Under the FLMA, it is unlawful for an employer to interfere with or deny the exercise of a right under the Act. 29 U.S.C. § 2615(a)(1). To establish a prima facie case of FMLA retaliation, a plaintiff must show that "(1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment decision; and (3) the decision was casually related to a protected activity." Pereda v. Brookdale Senior Living Cmtys., Inc., 666 F.3d 1269, 1275 (11th Cir. 2012). The Eleventh Circuit has analyzed FMLA retaliation borrowing from Title VII retaliation case law. See e.g., Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 798 (11th Cir. 2000) ("When evaluating a claim of retaliation under the FMLA . . . we apply the burden-shifting framework . . . for evaluating Title VII retaliatory discharge claims"). "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 352 (2013).

Defendant argues that the Amended Complaint insufficiently pleads the causation element. Plaintiff alleges that she qualified for FMLA leave because her daughter was suffering a serious health condition, she requested such leave, and it was denied. Plaintiff

alleges she was thereafter subjected to various acts of retaliation. Plaintiff asserts there is a causal connection between her statutorily protected activity and the retaliation simply because she engaged in the statutorily protected activity. (Doc. #17, ¶ 84.) This is insufficient to plausibly set forth a factual basis for FMLA causation. Unlike Swierkiewicz, 534 U.S. at 514, the allegations do not give defendant fair notice of what plaintiff's claim is and the grounds upon which it rests.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #20) is **GRANTED** as to Count VI and is otherwise **DENIED**. Count VI is dismissed without prejudice, with leave to file an amended complaint within **twenty-one (21) days** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of January 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record