UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIFFANY SHADDUCK, an individual,

    Plaintiff,

v.                          Case No:  2:21-cv-741-JES-NPM

CITY OF ARCADIA, FLORIDA, a municipal corporation,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Count VI Plaintiff's Second Amended Complaint With Prejudice (Doc. #31) filed on February 8, 2022. Plaintiff filed a Response (Doc. #32) on February 24, 2022.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v.

Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

## II.

On January 5, 2022, the Court issued an Opinion and Order (Doc. #23) on defendant's prior Motion to Dismiss (Doc. #20) and dismissed Count VI without prejudice with leave to amend. The allegations were as follows:

> 75. **SHADDUCK** informed the Defendant of her need for leave for her daughter's serious health condition.
>
> 76. **SHADDUCK** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **SHADDUCK**'s daughter began suffering from a serious health condition, **SHADDUCK** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.
>
> 77. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.
>
> 78. If the Defendant were to have decided that **SHADDUCK**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

79. The Defendant has never provided **SHADDUCK** with any notice disqualifying her FMLA leave.

80. In fact, the Defendant determined that **SHADDUCK** was eligible for leave under the FMLA.

81. The Defendant knew, or should have known, that **SHADDUCK** was exercising her rights under the FMLA and was aware of **SHADDUCK'**s need for FMLA-protected absence.

82. **SHADDUCK** complied with all of the notice and due diligence requirements of the FMLA.

83. **SHADDUCK** engaged in activity protected by the FMLA when she (a) requested federally protected FMLA leave, (b) took that leave, and (c) requested reinstatement, consistently informing the Defendant of the same.

84. A causal connection exists between **SHADDUCK'**s request for FMLA-protected leave, the denial of promotions, and her termination from employment with the Defendant because **SHADDUCK** engaged in statutorily protected activity by requesting and taking FMLA leave.

85. The Defendant retaliated by altering the terms and conditions of **SHADDUCK'**s employment by terminating **SHADDUCK'**s employment because she engaged in the statutorily protected activity of requesting FMLA leave, taking FMLA leave and requesting reinstatement.

86. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **SHADDUCK'**s employment because she engaged in activity protected by the FMLA.

87. As a result of the above-described violations of FMLA, **SHADDUCK** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

(Doc. #17, pp. 18-20.) The Court found that the allegations in the Amended Complaint were insufficient to set forth a factual basis for FMLA causation and fair notice since several acts of alleged retaliation fell between plaintiff seeking FMLA leave and her ultimate termination. (Doc. #23, pp. 10-11.)

### III.

Plaintiff is a female police officer employed by the City of Arcadia since August 13, 2015. (Doc. #29, ¶¶ 6-8.) Plaintiff always received good to very good performance reviews. (Id., ¶ 9.) Plaintiff alleges that she has been subjected to gender discrimination based upon marital status and denied promotions even though she was more qualified than her male colleagues who tested lower. (Id., ¶¶ 10-11.) In late Spring 2020, plaintiff asked to take intermittent FMLA leave but was denied "because her job came first and that she needed to figure things out at home or else." (Id., ¶ 12.) Plaintiff took the intermittent FMLA leave anyway to care for her pregnant daughter who was incapacitated with complications. A few weeks later, plaintiff applied for a promotion and was passed over in favor of several less-qualified similarly situated male applicants because, "according to the Defendant", plaintiff was a "married mother and foster parent, and had 'too much baggage at home.'" (Id., ¶ 12.) Plaintiff alleges that this was in reference to plaintiff having exercised her right to take intermittent FMLA leave just a few weeks earlier. (Id.)

4

Plaintiff alleges that she has been targeted for discipline and termination and that defendant has a pattern and practice of discriminating based upon gender, this includes male officers telling her to 'take your ass to the kitchen and make me a sandwich cuz that's where women belong.'" (Id., ¶ 14.) When plaintiff complained, they retaliated by disapproving of her reports, citations, warnings, and other paperwork to double her work. (Id., ¶ 15.) When plaintiff objected to her male lieutenant about the males getting more favorable schedules and enjoying more treatment in terms of promotions, plaintiff was promptly terminated at 6:00 p.m. on October 15, 2020, and yelled at to "fucking leave." (Id., ¶ 16.)

As previously stated,

> Under the FLMA, it is unlawful for an employer to interfere with or deny the exercise of a right under the Act. 29 U.S.C. § 2615(a)(1). To establish a prima facie case of FMLA retaliation, a plaintiff must show that "(1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment decision; and (3) the decision was casually related to a protected activity." Pereda v. Brookdale Senior Living Cmtys., Inc., 666 F.3d 1269, 1275 (11th Cir. 2012). The Eleventh Circuit has analyzed FMLA retaliation borrowing from Title VII retaliation case law. See e.g., Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 798 (11th Cir. 2000) ("When evaluating a claim of retaliation under the FMLA . . . we apply the burden-shifting framework . . . for evaluating Title VII retaliatory discharge claims"). "Title VII retaliation claims require proof that the desire to retaliate was the but-for

5

cause of the challenged employment action." <u>Univ. of Texas Sw. Med. Ctr. v. Nassar</u>, 570 U.S. 338, 352 (2013).

(Doc. #23, p. 10.) The Second Amended Complaint adds the word "intermittent" with some other minor changes to Count VI as follows:

> 75. **SHADDUCK** informed the Defendant of her need for leave for her daughter's serious health condition.
>
> 76. **SHADDUCK** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **SHADDUCK**'s daughter began suffering from a serious health condition, **SHADDUCK** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.
>
> 77. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.
>
> 78. If the Defendant were to have decided that **SHADDUCK**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).
>
> 79. The Defendant has never provided **SHADDUCK** with any notice disqualifying her FMLA leave.
>
> 80. In fact, the Defendant determined that **SHADDUCK** was eligible for intermittent leave under the FMLA.
>
> 81. The Defendant knew, or should have known, that **SHADDUCK** was exercising her rights under

6

>   the FMLA and was aware of **SHADDUCK**'s need for FMLA-protected absence.
>
>   82. **SHADDUCK** complied with all of the notice and due diligence requirements of the FMLA.
>
>   83. **SHADDUCK** engaged in activity protected by the FMLA when she (a) requested federally protected intermittent FMLA leave, and (b) took that leave, consistently informing the Defendant of the same.
>
>   84. A causal connection exists between **SHADDUCK**'s request for and taking of intermittent FMLA-protected leave and the denial of promotions because **SHADDUCK** engaged in statutorily protected activity by requesting and taking intermittent FMLA leave just weeks before being denied promotions.
>
>   85. The Defendant retaliated by altering the terms and conditions of **SHADDUCK**'s employment by denying **SHADDUCK** promotions because she engaged in the statutorily protected activity of requesting intermittent FMLA leave and taking that FMLA leave.
>
>   86. As a result of the above-described violations of FMLA, **SHADDUCK** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

(Doc. #29, pp. 18-20.)  Plaintiff is now alleging a temporal connection to the denial of a promotion rather than the termination.

Defendant argues that the facts supporting causation remain insufficient because plaintiff does not identify the decisionmaker who denied leave and who denied the promotion, or if the decisionmaker who denied the promotion had knowledge of the FMLA

7

request.  (Doc. #31, p. 6.)  Defendant further argues that the temporal proximity is difficult to determine because there is no date for when she was passed over for a promotion.  (Id., p. 7.)  Rule 8 requires plaintiff to plausibly state a claim, not set out specific facts and details.  Whether the decisionmaker knew may be an issue and the actual date of the promotion may weaken or strengthen plaintiff's position, but the facts are not necessary to state a claim at this stage.  The Court finds that plaintiff has sufficiently stated a claim at this stage of the proceedings.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Count VI Plaintiff's Second Amended Complaint With Prejudice (Doc. #31) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of March 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record